```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
             DALLAS DIVISION
```

VALERIA MENDHEIM,              §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:07-CV-0263-D
VS.                            §
                               §
AF & L INSURANCE COMPANY,      §
                               §
            Defendant.         §

MEMORANDUM OPINION
AND ORDER

In this removed action seeking to recover $5 million for nonpayment of medical insurance claims, defendant moves for summary judgment. Concluding that plaintiff has failed to adduce any evidence in support of her claims, the court grants the motion.[1]

I

In January 2004 plaintiff Valeria Mendheim ("Mendheim") submitted an application to purchase a Hospital Indemnity Insurance Policy ("Policy") from defendant AF & L Insurance Company ("AF & L"), which AF & L accepted.[2] The Policy became effective on March

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The court would normally recount the facts in favor of Mendheim as the summary judgment nonmovant. *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)). Because Mendheim neither states her version of

17, 2004, and Mendheim paid the required premiums through July 17, 2005. Although the Policy covered certain charges incurred during hospital confinement, it generally excluded coverage for confinement in a nursing facility or extended care facility. The maximum amount of benefits provided by the policy was $100,000.

On February 17, 2004 Mendheim was admitted to Ennis Regional Medical Center ("Hospital") for treatment and observation as a result of decompensated congestive heart failure. The Hospital discharged Mendheim from its care on February 21, 2005 and transferred her directly to Odd Fellow & Rebekah Nursing Home ("Odd Fellow") to receive continued care for her congestive heart failure. She remained at Odd Fellow through April 12, 2005, when Odd Fellow discharged her to receive home care. Odd Fellow then readmitted her on April 15, 2005, and she remained there as a resident until July 1, 2005. On May 24, 2005 AF & L received a Hospital Indemnity Claim Form and a Nursing Home/Assisted Living Facility Claim Form requesting benefits under the Policy for costs incurred during Mendheim's stay at the Hospital and during her two subsequent stays at Odd Fellow. On July 1, 2005 Odd Fellow transferred Mendheim to Ennis Care Center because she was unable to take care of herself and needed custodial care for her safety and well-being. Officials with Ennis Care Center noted that Mendheim

---

the facts in her original complaint nor in opposition to AF & L's motion, the court will rely on AF & L's statement of the facts in deciding this motion.

had "dementia Alzheimer type and requires nursing care 24 hours a day" as a result. D. Br. 3.

While researching and reviewing Mendheim's claims, AF & L received a demand from Mendheim for payment of $6,640 as benefits due under the Policy for Mendheim's four-day stay at the Hospital and 146-day stay at Odd Fellow and Ennis Care Center. Mendheim based this claim on her understanding that the Policy paid $300 per day during a hospital stay and, for confinement in an extended care facility, paid $20 per day for the first 20 days and $40 per day for days 21 through 365. After investigating and reviewing Mendheim's claim file, AF & L approved Mendheim's claims in part and forwarded a payment to her in the amount of $1,860, but denied the remainder of her claims. Along with the payment, AF & L provided Mendheim an explanation of benefits detailing its conclusions regarding benefits payable under the terms of the Policy. The amount paid consisted of $1,200 for Mendheim's admission to the Hospital from February 17, 2005 to February 21, 2005, and $660 for her stay at Odd Fellow from March 13, 2005 through April 12, 2005. AF & L calculated this payment based on a per diem hospitalization rate of $300 for four days and a $20 per day Daily Benefit Amount for 33 days of confinement at Odd Fellow, including two days of home health care paid in error. AF & L denied coverage under the Policy for the first 20 days of Mendheim's confinement at Odd Fellow and for the remainder of her

claims for admissions to Odd Fellow and Ennis Care Center following April 14, 2005, because it determined that Mendheim was not receiving skilled nursing care during those periods, as the Policy required for benefits to be payable.

Mendheim filed suit in state court seeking "5 million dollars, plus court cost for non payment of medical insurance claims." Pet. 1. AF & L removed the case to this court based on diversity jurisdiction, and it now moves for summary judgment. Mendheim filed a defective response, and AF & L has not filed a reply brief. Because the deadline for filing a reply brief has passed, the motion is ripe for consideration.

II

As a threshold matter, the court notes that throughout this litigation, and despite repeated admonishments from this court, Mendheim's pleadings have been filed by her nephew, Don St. Clair ("St. Clair"), who is not a licensed attorney. When Mendheim moved the court to remand the case to state court, this court stated in a February 26, 2007 order: "First, although plaintiff is entitled to proceed *pro se*, she is not entitled to be represented by someone who is not a lawyer. Because her request for denial of removal from Ellis County courts was not signed by someone who is shown to be a lawyer, it is denied." Feb. 26, 2007 Order 1. On March 13, 2007, despite the court's earlier order, St. Clair filed another pleading. In a March 16, 2007 order, the court directed that the

pleading be unfiled:

> On March 13, 2007 Don St. Clair filed a pleading on behalf of his aunt, the plaintiff in this case, in which he strongly requests that the case be returned to Ellis County. As the court noted in its February 26, 2007 order, although plaintiff is entitled to proceed *pro se*, she is not entitled to be represented by someone who is not a lawyer. Accordingly, the court directs the clerk of court to deem the pleading unfiled.

Mar. 16, 2007 Order 1.

St. Clair has expressed disagreement regarding the prohibition against his filing pleadings, noting the debilitated state of his aunt's health. This court, however, has no discretion to permit Mendheim to be represented by someone who is not a licensed attorney. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Mendheim can proceed *pro se* or through a Fed. R. Civ. P. 17(c) guardian.[3] But unless she is proceeding *pro se*, she must be represented by a licensed attorney.

---

[3] To the extent St. Clair intends to argue that he is serving as Mendheim's Rule 17(c) guardian, representation by an attorney would still be required. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (order) (holding that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."); *Rodgers v. Dallas I.S.D.*, 2007 WL 1686508, at *2 (N.D. Tex. May 1) (Kaplan, J.) ("Although a litigant has the right to proceed in federal court as . . . her own counsel . . . individuals who do not have a law license may not represent other parties even on a next friend basis."), *rec. adopted,* 2007 WL 1686508 (N.D. Tex. June 1, 2007) (Solis, J.).

The result of this prohibition is that Mendheim's June 14, 2007 summary judgment response must be stricken because it has been signed by St. Clair, who is not an attorney. *See* Rule 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party . . . ."). But because, as the court explains below, the response that Mendheim filed is the functional equivalent of no response, the court will not separately analyze AF & L's motion under the standards that apply when the summary judgment nonmovant fails to respond.

III

Because AF & L will not have the burden at trial on Mendheim's claim, it can obtain summary judgment by pointing the court to the absence of evidence to support it. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If AF & L does so, Mendheim must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Mendheim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mendheim's failure to produce proof as to any essential element renders all other facts immaterial. *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D.

Tex. Feb. 27, 2002) (Fitzwater, J.) (citing *Celotex Corp.*, 477 U.S. at 323). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

AF & L has pointed to the absence of evidence to support Mendheim's claim seeking a judgment for AF & L's nonpayment of her medical insurance claims. AF & L explains that although the Extended Care Facility Rider ("Rider") attached to and part of the Policy provided extended care benefits under certain limited circumstances, it only afforded coverage to a policyholder for "each day [the policyholder is] Confined in an Extended Care Facility and receiving Skilled Nursing Care." D. App. 22.[4] The Policy and the Rider provided no coverage for the first 20 days of confinement. AF & L points to the absence of evidence of (1) AF & L's alleged breach of the Policy; (2) Mendheim's confinement, as defined in the Policy, in Odd Fellow after April 12, 2005; (3) Mendheim's confinement, as defined in the Policy, in Ennis Care Center; (4) coverage for Mendheim's confinement in Odd Fellow from

---

[4]The Rider defines "Confined" or "Confinement" as

> the period of time that begins on the first day You incur a charge for a covered Extended Care Facility Confinement and while You are receiving Skilled Nursing Care. A Period of Confinement ends when You complete a 180 day period during which You were not receiving benefits under this unless it is separated from the first by 180 days or more or is from a new unrelated condition.

D. App. 22.

February 21, 2005 through March 12, 2005; (5) insurance coverage in excess of $100,000; (6) the satisfaction or waiver of all conditions precedent to AF & L's performance; (7) Mendheim's damages resulting from the alleged breach; and (8) Mendheim's entitlement to exemplary damages.

In response, Mendheim (submitted by St. Clair) has filed an unsworn, one-page response in which she insists on her right of trial by jury and asks the court to set a trial date so that a jury can decide her claims.[5] She does not respond to AF & L's arguments, and she adduces no evidence that would enable a reasonable jury to find that she is entitled to relief. Because Mendheim has not raised a genuine issue of material fact on her claim against AF & L, the court grants AF & L's motion for summary judgment and dismisses Menheim's lawsuit. *Little*, 37 F.3d at 1076.

---

[5]Granting summary judgment does not violate Mendheim's right to a jury trial because this right only exists with respect to disputed issues of fact. *E.g., Florence v. Frontier Airlines, Inc.*, 149 Fed. Appx. 237, 240 (5th Cir. 2005) (per curiam) (quoting *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003)). Because Mendheim has not adduced evidence that would raise a genuine issue of material fact, she is not entitled to a jury trial, and granting summary judgment does not violate her right to a jury trial. *Id.; see also Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988) ("the right to trial by jury does not prevent a court from granting summary judgment.").

* * *

AF & L's June 4, 2007 motion for summary judgment is granted, and this lawsuit is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

August 8, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE